## PEOPLE *v.* MILLÁN.

### APPEAL from the District Court of Mayagüez.

No. 126.—Decided March 6, 1908.

EVIDENCE—VERDICT.—Although a part of the evidence may be deemed contradictory it is the province of a jury to weigh the same and give credence to that part thereof which it conscientiously believes to be worthy of credence, and under such conditions, if it is shown that there is sufficient evidence to warrant the verdict, it must be sustained.

The facts are stated in the opinion.

*Mr. Rossy, fiscal;* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This case was tried by a duly impaneled jury upon the following information:

"Segundo Millán is accused by the *fiscal* of the crime of assault with intent to commit rape, a felony, committed as follows: The said Segundo Millán, during the night of August 10, 1907, in the *barrio* of Minillas, municipality of San Germán, and judicial district of Mayagüez, P. R., unlawfully entered the dwelling house of Carlos Mora while he was absent, and there assaulted Eustaquia Laracuenta, wife of the said Carlos Mora, with intent to commit on her person the grave crime of rape. This act is contrary to the law in such case made and provided, and against the peace and dignity of The People of Porto Rico. (Signed) Martín Travieso, Jr., District *Fiscal.*

The above information is based on the sworn testimony of witnesses examined by the municipal judge of San Germán, and I solemnly believe that there is just cause for the filing of this information. (Signed) Martín Travieso, Jr., District *fiscal.*

Sworn to before me this 31st day of August, 1908. (Signed) Franco. Llavat, Secretary of the District Court of Mayagüez.''

The trial, having been held, the jury returned a verdict of guilty of the crime of assault with intent to commit rape, as charged in the information. .

The Mayagüez Court declared him guilty and before judgment was pronounced, the defendant applied for a new trial on the ground that the verdict was not supported by the evidence.

The judge denied the application, and on November 11, 1907, as the defendant had shown no cause why judgment should not be pronounced against him, he was sentenced to imprisonment in the penitentiary, at hard labor for two years, and to pay the costs of the proceedings, the other proper orders pertaining to his confinement being made.

An appeal was taken from this judgment, and the defendant furnished bail in the sum of $1,000.

An exception was taken to the order denying a new trial, and then the appellant filed what he called a bill of exceptions, which is really a statement of facts, inasmuch as it contains a statement of all the testimony of the witnesses, although it is approved and signed by the judge.

There is clear and perfect proof that the defendant assaulted Eustaquia Laracuenta with intent to commit rape, having struggled with her openly to the extent of causing her abrasions on the neck and forehead and bruises on the hip, and she conceived the idea of suggesting to him that he undress for the act, thinking that while he was removing his clothing she would be able to escape, but she was mistaken because he stood before the door leading out, removed his clothing until he had nothing on but his undershirt, and then began to push her until he threw her across a bed, where he would have succeedeed in carrying out his criminal intention had it not been that a son of the victim woke up during the struggle and by his cries quickly brought his father, who was about to leave on horseback for a neighboring *barrio,* to the scene, and, as he found the defendant naked on his wife, strug-

gling with her, he struck him with the butt end of the whip he had in his hand, causing him to flee from the house, leaving his clothing, which was later picked up by the police.

This is the testimony of the witnesses for the prosecution, and although some of the witnesses for the defense affirm that Eustaquia Laracuenta had the abrasions in the face the day before the night the act is alleged to have occurred, and although some say that her husband maltreated her frequently and others that the night of the occurrence Mrs. Laracuenta had called the defendant to her house, and another that it was her husband who had called him, the fact is that Antonio Cruz, a witness for the defense, found the defendant the same night after the occurrence injured and lying in the gutter with his undershirt on, but without trousers, without drawers, without shoes, without a hat—that is to say, exactly as he fled from the house of Eustaquia Laracuenta on account of the blows which her husband, Carlos Mora, had inflicted upon him.

This coincidence between the depositions of the witnesses for the prosecution and that of witness Antonio Cruz, presented in behalf of the defendant, destroys any doubt which might arise from the testimony of some of the witnesses for the defense, who assert that on said night Eustaquia Laracuenta and her husband, Carlos Mora, had sent for the defendant to come to their house; but if said husband had beaten Segundo Millán for any cause other than the assault to commit rape, the latter would have fled with injuries, but with his clothing, and he would not have been so found in the gutter by Antonio Cruz.

The circumstances that the blood spots were found in the parlor and not in the bedroom of the house of the assaulted woman, does not favor the defendant in any respect, because no one knows what blows he received in said rooms, and he might have received them on the back while on the woman naked, and when he got up he might have gone to the parlor

pursued by the husband and received there the blows on the head which brought the blood of which spots were found in said room.

The abrasions or scratches on Eustaquia Laracuenta were examined by a physician about August 10, 1907, and he stated that they had been caused, at most, 24 hours previously, because when he examined them they were still inflamed and without scabs. This statement bears out the testimony of the aggrieved woman, who says they were caused by the defendant Millán in the struggle he had with her the night of August 10, 1907, when he attempted to accomplish the carnal act.

We have said that some of the witnesses for the defense affirm that they saw Eustaquia Laracuenta with these abrasions or scratches the day preceding the night the event occurred, and as they also add that her husband maltreated her, the doubt arises as to whether such scratches were caused by the defendant or by her husband.

But, as we have observed, there is more than sufficient evidence to justify the verdict of the jury, and although some of it may be considered as contradictory in certain details, it is a well-established principle of law that under such circumstances, when there is sufficient evidence, the verdict of the jury and the judgment must be sustained.

The jury is better able than any one else to decide as to the veracity of the witnesses, because the trial is developed before them and when there are conflicting versions among the witnesses on a matter, the jury are the ones who can decide according to their conscience which of them contains preponderating elements of credibility. (See the cases of *The People of Porto Rico* v. *José Goitia,* 5 P. R. Rep., p. 249, and *The People of Porto Rico* v. *Modesto Villegas et al.,* 6 P. R. Rep., p. 461.)

The verdict, therefore, is not contrary to the evidence, as alleged by the appellant, and, consequently, a new trial does not lie; and as it does not appear from the record before us

that any material error has been committed, the judgment should be affirmed with the costs of the appeal against the defendant, Segundo Millán.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.